2-CIT ES

Case 3:16-cv-01110-M   Document 1-5   Filed 04/22/16   Page 1 of 9   PageID 13

FILED
DALLAS COUNTY
1/19/2016 4:53:42 PM
FELICIA PITRE
DISTRICT CLERK

DC-16-00690

NO. _____

Tonya Pointer

| | | |
|---|---|---|
| SABINO DIAZ DOMINGO<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT |
| V. | §<br>§<br>§ | _____JUDICIAL DISTRICT |
| BENJAMIN MORENO MUNIZ AND<br>AUSTIN BRIDGE & ROAD, L.P.<br>Defendants. | §<br>§<br>§<br>§ | DALLAS COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, WRITTEN DISCOVERY, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Sabino Diaz Domingo, hereinafter called Plaintiff, complaining of and about Benjamin Moreno Muniz and Austin Bridge & Road, L.P., hereinafter called Defendants, and for cause of action shows unto the Court the following:

### I.

### PLAINTIFF'S DESIGNATION OF TRCP 47(b) & (c) MONETARY RELIEF AND DISCOVERY CONTROL PLAN

Plaintiff seeks damages (including punitive damages) over 1,000,000.00, pursuant to Tex. R. Civ. P. 47(c)(4).  Plaintiff intends that discovery be conducted under Discovery Level 3.

### II.

### PARTIES AND SERVICE

Plaintiff, Sabino Diaz Domingo, is an individual whose address is Concepcion Tutuapa San Marcos, Guatemala.

Defendant Benjamin Moreno Muniz, an Individual who is a resident of Texas, may be



EXHIBIT
B

served with process at his home at the following address, or wherever he may be found: 2407 Avenell Road, Houston, Texas 77034. Service of said Defendant as described above can be effected by personal service.

Defendant Austin Bridge & Road, L.P., a corporation based in Texas, may be served by and through the registered agent of the corporation: Corporation Service Company D/B/A SCS-Lawyers Inc., 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### III.

### JURISDICTION AND VENUE

The subject matter in controversy is within the jurisdictional limits of this court.

This court has jurisdiction over Defendant Benjamin Moreno Muniz and Defendant Austin Bridge & Road, L.P., because said Defendants purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process

Furthermore, Dallas County is the county of the Defendant Austin Bridge & Road, L.P.'s principal office in this state. Therefore, venue is proper pursuant to §15.001 and §15.002(a)(1) of the Texas Civil Practice & Remedies Code.

### IV.

### FACTS

On or about the 22nd day of June, 2015, Plaintiff Sabino Diaz Domingo was travelling southbound on U.S. Highway 59 when Defendant failed to control his speed and violently rear

ended Plaintiff causing significant damage

On or about June 22, 2015, Defendant Benjamin Moreno Muniz, was operating a 2011 Ford F-250 ("herein referred to as a "truck") owned by Austin Bridge & Road, L.P. Defendants were all jointly responsible for the safe operation of the truck at issue.

Further, Defendant Austin Bridge & Road, L.P. was the owner of the truck being operated by Benjamin Moreno Muniz on June 22, 2015, at the time of the collision. On information and belief, Benjamin Moreno Muniz was an incompetent driver and Defendant Austin Bridge & Road, L.P. negligently entrusted the vehicle driven by Defendant Benjamin Moreno Muniz.

On or about June 22, 2015, Benjamin Moreno Muniz was within the course and scope of employment for Defendant Austin Bridge & Road, L.P.

## V.

### PLAINTIFF'S CLAIM OF NEGLIGENCE
### AGAINST BENJAMIN MORENO MUNIZ

Defendant Benjamin Moreno Muniz had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

Plaintiff's injuries were proximately caused by Defendant Benjamin Moreno Muniz's negligent, careless and reckless disregard of said duty.

The negligent, careless and reckless disregard of duty of Defendant Benjamin Moreno Muniz consisted of, but is not limited to, the following acts and omissions:

A.    In operating a vehicle in careless manner and/or in violation of Texas Transportation Code §545.001 *et seq.*;

B.    In failing to turn his motor vehicle to the right or left in an effort to avoid the collision complained of in violation of Texas Transportation Code §545.103;

C. Failed to timely apply the brakes to the vehicle in order to avoid striking Plaintiffs;

D. In failing to control the operation of his vehicle;

E. In failing to avoid the incident in question;

F. In failing to keep a proper look out;

G. In failing to operate his vehicle in a safe and prudent manner;

H. Failed to control the speed of the vehicle with safety, as a reasonable and prudent person would have done under the same or similar circumstances and in violation of Section 545.351 of the Texas Transportation Code, which constitutes negligence and negligence per se;

I. Failed to maintain an assured clear distance between he and Plaintiff so that, considering the traffic conditions, Defendant could safely stop without colliding with any other vehicle, object or person near the road, including Plaintiffs and in violation of Section 545.062(a) of the Texas Transportation Code, which constitutes negligence and negligence per se.

J. Driver inattention;

K. In violating the terms and provisions of THE TEXAS TRANSPORTATION CODE and the TEXAS DRIVER'S HANDBOOK;

L. Other acts of negligence and/or negligence *per se*;

M. Any other acts of negligence discovered and to be shown at the time of trial;

Each of the foregoing acts and omissions, whether taken singularly or in combination, proximately caused the collision made the basis of this cause of action; the injuries suffered by Plaintiff.

Plaintiff would show this court that the harm he suffered is the type of harm which the above statutes are intended to prevent. Plaintiff is a member of the class of persons which the statutes were enacted to protect. Such violation amounts to negligence per se and is a proximate cause of the occurrence in question.

## VI.

### PLAINTIFF'S CLAIM OF NEGLIGENCE AGAINST
### DEFENDANT AUSTIN BRIDGE & ROAD, L.P.

On or about June 22, 2015 and at all times mentioned herein, Defendant Austin Bridge & Road, L.P. was the owner of the truck which was involved in the collision subject to this suit.

Plaintiff alleges that Defendant Austin Bridge & Road, L.P. was acting through its employee, Benjamin Moreno Muniz, who was at all times acting within the scope of his employment. Because Benjamin Moreno Muniz was acting in the course and scope of employment with Austin Bridge & Road, L.P. when the crash occurred, Austin Bridge & Road, L.P. is liable to Plaintiff under the doctrine of Respondeat Superior.

On information and belief, Austin Bridge & Road, L.P. was negligent and grossly negligent in training Benjamin Moreno Muniz, and/or in failing to supervise Benjamin Moreno Muniz, and/or in retaining Benjamin Moreno Muniz. Had Defendant Austin Bridge & Road, L.P. or Defendant's agents properly trained its employee, this incident could have been avoided.

At all times pertinent, Defendant Austin Bridge & Road, L.P., and any of Defendant's agents, who were acting within their scope of their employment, were guilty of negligent conduct toward Plaintiff in:

1. Failing to maintain, inspect and service the truck to guarantee it was in safe condition;

2. Failing to train its employees regarding proper procedures to follow for their pre-trip inspection;

3. Failing to supervise its agents, servants and/or employees to insure the safety of other drivers on the roadway;

4. Failing to establish and enforce reasonable and adequate policies and/or procedures regarding inspection of their vehicle;

5. Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

This condition and activity existed despite the fact that Defendant or Defendant's agents knew or should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff, would show the court that the activity that had Defendant or Defendant's agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of the Defendant constituted negligence which was and is a direct and proximate result of the injuries and damages sustained by Plaintiff.

At all times material hereto, all of the agents, servants, and/or employees for Defendant Austin Bridge & Road, L.P., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant Austin Bridge & Road, L.P. is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of Respondeat Superior.

## VII.

### PLAINTIFF'S CLAIM OF
### RESPONDEAT SUPERIOR AGAINST DEFENDANT AUSTIN BRIDGE & ROAD, L.P.

At the time of the occurrence of the act in question and immediately prior thereto, Benjamin Moreno Muniz was within the course and scope of employment for Defendant Austin Bridge & Road, L.P.

At the time of the occurrence of the act in question and immediately prior thereto, Benjamin Moreno Muniz was engaged in the furtherance of Defendant Austin Bridge & Road, L.P.'s

business.

At the time of the occurrence of the act in question and immediately prior thereto, Benjamin Moreno Muniz was engaged in accomplishing a task for which Benjamin Moreno Muniz was employed.

Plaintiff invokes the doctrine of <u>Respondeat</u> <u>Superior</u> as against Defendant Austin Bridge & Road, L.P.

## VIII.

### DAMAGES FOR PLAINTIFF, SABINO DIAZ DOMINGO

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Sabino Diaz Domingo was caused to suffer bodily injury, and to incur the following damages:

A.   Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff, Sabino Diaz Domingo for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron County, Texas;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

D.   Physical pain and suffering in the future;

E.   Physical impairment in the past;

F.   Physical impairment which, in all reasonable probability, will be suffered in the future;

G.   Loss of earnings in the past;

H.   Loss of earning capacity which will, in all probability, be incurred in the future;

I.   Disfigurement in the future;

J.   Mental anguish in the past;

K.      Mental anguish in the future; and

L.      Cost of medical monitoring and prevention in the future.

## IX.

### NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANT IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendant in response to written discovery propounded to the Defendant. As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## X.

### PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to the Defendant, pursuant to TRCE, Rule 609(f), that Plaintiff demands timely written notice by Defendant that Defendant intends to seek admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XI.

### REQUESTS FOR DISCLOSURE

Defendant Benjamin Moreno Muniz is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

Defendant Austin Bridge & Road, L.P. is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## XII.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Sabino Diaz Domingo, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**BEGUM LAW GROUP**

By: _/s/ Alexander Begum_
Alexander Begum
Texas Bar No. 24031469
2401 Wild Flower, Suite B
Brownsville, Texas  78526
Tel. (956) 982-1800
Fax. (956) 982-8602
abegum@texaslegalgroup.com

**ATTORNEY FOR PLAINTIFF**

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**